666 So.2d 711 (1995)
Elizabeth H. RYAN
v.
Alexandra MONET.
No. 95-CA-1332.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1995.
*712 John H. Ryan, New Orleans, for Plaintiff/Appellant.
John A. Mmahat, Mmahat & Associates, Ltd., New Orleans, for Defendant/Appellee.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Elizabeth H. Ryan appeals a preliminary injunction that permits Alexandra Monett to maintain four window unit air conditioners on the side of her building at 2708 Coliseum Street that extend beyond the property line onto appellant's adjacent property at 2700 Coliseum Street. We amend the injunction to require appellee to remove these air conditioners, and we remand for further proceedings.
*713 Ryan and Monett own adjacent estates at 2700 and 2708 Coliseum Street, respectively. Both lots contain buildings that were constructed over a century ago. The foundation of the building at 2708 Coliseum was built on the boundary between the estates. On March 21, 1958, a predecessor in title to Ryan executed a document that purported to create a servitude of overhang, which document states:
[Ryan's predecessor in title] hereby recognizes the existence of a servitude of overhang over his said property in favor of the said ajoining property more particularly described hereinafter, to the extent of one foot (1') by the cornice of the main building of said property and eight inches (8") by the roof thereof, and does therefore hereby grant, donate, confirm, transfer and deliver, in favor of said adjoining property, a servitude of overhang to the extent hereinabove mentioned over and above his said property, the same to be continued in full force and effect in favor of said adjoining property for as long as the aforesaid building designated as Municipal No. 2708 Coliseum Street, New Orleans, Parish of Orleans, State of Louisiana, shall continue in existence as presently located, but to terminate upon the removal thereof;
Monett acquired 2708 Coliseum in December 1971 and reacquired it for use as rental property in March 1993 by dation en paiement from Mary Hart and her husband George O. Lillich Jr. Ryan owns and resides at 2700 Coliseum.
On March 7, 1995, Ryan sought an injunction to compel Monett to remove four air conditioners that extended over the property line and to remove a spout that had been added to a gutter of 2708 Coliseum that drained onto a garden at 2700 Coliseum. Ryan also sought damages from trespass by Monett's workers. On April 25, 1995, the trial judge, after reviewing the pleadings and affidavits, issued a preliminary injunction that required Monett to relocate the spout to its original position, to give reasonable notice to Ryan when Monett's workers would enter Ryan's yard, and authorized Monett to maintain no more than four window unit air conditioners that extended over the property line.[1] The preliminary injunction is appealed only with regard to the air conditioners.
The trial judge stated the following in his reasons for judgment:
Since these homes were built prior to the lifetime of the present litigants, it is obvious that predial servitudes exist in favor of the property at 2708 Coliseum Street and that these predial servitudes have been acquired by prescription in excess of thirty years.
. . . .
With respect to the location of the window units projecting onto the plaintiff's property, the Court cites CC Article 647 for the proposition that a servitude may exist although the benefit need not exist at the time the servitude is created and that a possible convenience or a future advantage suffices to support a servitude.
In other words, air conditioning units did not exist at the time the property at 2708 Coliseum Street was erected. Nevertheless, the fact that the house was located on the property line, has continued to exist beyond ten years and that the window units are necessary in order to enjoy the property at the present time means that the servient estate2700 Coliseum Streetmust accept the overhang of the air conditioning units.
Also, CC Articles 743 and 744 provide for the accessory rights and necessary works in order to use the servitude.
On appeal, Ryan contends that the judge erred in the application of Civil Code articles 647, 743-744, and the law of acquisitive prescription.
A charge on 2700 Coliseum Street to tolerate the overhang of existing window unit air conditioners from the adjacent property for the benefit of 2708 Coliseum Street would be an apparent, affirmative predial servitude, which can only be acquired by title, destination of the owner, or by acquisitive prescription. *714 See La.C.C. arts. 646, 697, 706-707, 740. Because there has been no allegation of common ownership that might implicate destination of the owner, we must consider only whether any such servitude has been created by title or by acquisitive prescription and, if created, not extinguished by nonuse.
The only "title" that is purported to have created a servitude is the March 21, 1958 agreement. A conventional servitude may be created by any juridical act sufficient to establish a real right in immovable property. See La.C.C. art. 708; see also A.N. Yiannopoulos, Louisiana Civil Law Treatise vol. 4, Predial Servitudes § 112 (1983). Because we interpret this agreement as not intending to create a servitude that would encompass the air conditioners, it is not necessary to decide, nor can it be determined from the record, whether this agreement is a juridical act sufficient to establish a real right in immovable property, or whether the effectiveness of this agreement against third persons was maintained in accordance with the public records doctrine.
A document purporting to create a predial servitude is interpreted in accordance with both the general rules of contract construction as well as in accordance with specific rules of construction for instruments that purport to create servitudes. Yiannopoulos, supra, § 128. A court must determine the intent of the parties, resolving any doubt as to the existence, extent, or manner of exercise of the purported servitude in favor of the servient estate. La.C.C. arts. 697, 730, 749, 2045, 2057. Assuming that the March 21, 1958 instrument validly created a servitude, it is clear, by reading the unambiguous language in favor of the servient estate, that this servitude was intended only to authorize the roof to extend eight inches, and the cornice to extend a foot, over the property line.
Neither do we agree with the trial judge that air conditioners were a future benefit intended by the parties and authorized by Civil Code article 647, nor that air conditioners are authorized by Articles 743 and 744 as necessary or accessory rights to this servitude. Article 647 provides in part:
There must be a benefit to the dominant estate. The benefit need not exist at the time the servitude is created; a possible convenience or a future advantage suffices to support such a servitude.
Without deciding whether an overhanging air conditioner can be considered a future advantage under Article 647, the precise language of the instrument, which defines the type and extent of overhang to be permitted, does not permit the inference that the parties intended any future advantage. Articles 743 and 744 provide:
Art. 743. Accessory rights
Rights that are necessary for the use of a servitude are acquired at the time the servitude is established. They are to be exercised in a way least inconvenient for the servient estate.
Art. 744. Necessary works; cost of repairs
The owner of the dominant estate has the right to make at his expense all the works that are necessary for the use and preservation of the servitude.
Window unit air conditioners cannot be considered necessary under Article 743 to the continued overhang of the roof and the cornice. Moreover, the owner of the dominant estate is free to install a central air conditioning unit on the other side of the property, obviating entirely the need for window units and causing less inconvenience to the servient estate. Likewise, Article 744 does not authorize air conditioners, which are not necessary to the use and preservation of the overhanging roof and cornice.
Apparent predial servitudes may also be created by acquisitive prescription and extinguished by nonuse. See La.C.C. arts. 740, 742, 753; see also Yiannopoulos, supra, §§ 134, 163. The trial judge found it obvious that, because the building at 2708 Coliseum had existed on the property line for more than a century, predial servitudes must have been acquired by prescription. The trial judge may be correct that some servitudes have been acquired; however, the question to be resolved is whether a servitude permitting the overhang of the air conditioners has been acquired by prescription. *715 The record is insufficient to support the finding that such a servitude has been acquired.
Civil Code article 740, enacted by Act 1977, No. 514, § 1, changed the law by abandoning the requirement that an apparent servitude also be considered continuous to be acquired by prescription. La.C.C. art. 740 comment (a). This change is not retroactive. Id. Because we find that no servitude permitting the overhang of the window unit air conditioners has been created under the new law, which is broader than the old, it is not necessary to precisely determine the times at which the air conditioners were in place, or to determine whether the requirement of continuity under the old law was satisfied.
Civil Code article 742 provides in part:
An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.
The type of possession necessary to create such a servitude is unauthorized use that infringes on the ownership of the servient estate. Yiannopoulos, supra, § 138. Civil Code article 753 provides:
A predial servitude is extinguished by nonuse for ten years. Nonuse commences for an apparent, affirmative servitude from the date of last use. See La.C.C. art. 754; see also Yiannopoulos, supra, § 163. The only evidence regarding the length of time the air conditioners have been in place is the following: By affidavit, Lillich stated that air conditioners were there when he began to manage the property in 1983, although he conceded that particular window units may have been replaced between 1983 and 1993; and from photographic evidence, it is apparent that four air conditioners are still there.
Assuming without ruling that this possession suffices for purposes of acquisitive prescription, we find the appropriate prescriptive period to be thirty years. Although no evidence has been presented to rebut the presumption of good faith, neither has any evidence been presented to establish just title. Monett suggests that after a century just title must be present, but cites no authorities supporting the presumption of just title. The only "title" appearing in evidence is the instrument dated March 21, 1958. This document on its face does not purport to describe or convey any property right that would authorize the placement of the window units. Without just title, the soonest this servitude could be created by prescription appears from the only evidence before this Court to be some time in the year 2013, if prescription had not been interrupted by the filing of this suit.
Monett contends that "cooling system platforms" were in place as early as 1971. It is not necessary to decide whether these suffice to commence possession for the purpose of acquisitive prescription; this still would not establish thirty years uninterrupted and peaceable possession.
Monett also contends that when the original owners built these houses over a century ago, a servitude was created. Monett claims that Ryan was aware that the building at 2708 Coliseum was built on the property line when she purchased 2700 Coliseum and suggests that Ryan should be barred by Civil Code article 670 from complaining of this "encroachment" because a reasonable time has passed. The trial judge appears not to have accepted Monett's argument under Article 670.[2] In essence, Monett asserts that Ryan should be estopped from bringing this suit by her own acts and the acts of her predecessors in title. Estoppel, however, is not one of the methods enumerated in the Civil Code for the creation of a predial servitude, and resort to equity under the facts of *716 this case is neither authorized by the Code nor appropriate under the circumstances.
Instead, the trial judge articulated his decision on the basis of acquisitive prescription; Civil Code articles 647, 743-744; and the notion that the addition of window unit air conditioners might be the justifiable growth in use of an existing servitude. We find the record insufficient to support the conclusion that a servitude, which would permit Monett to extend window unit air conditioners over the property line onto Ryan's estate, was created by either convention or by acquisitive prescription.[3] Even if we assume the existence of an underlying servitude of some sort, we cannot find that Monett has acquired the additional right to extend window units over the property line before acquisitive prescription has accrued. Additional rights cannot be acquired by use except by acquisitive prescription. See Yiannopoulos, supra, § 136.
Accordingly, we amend the injunction to require Monett to remove all window unit air conditioners that extend over the property line between 2700 and 2708 Coliseum Street within thirty days after any final judgment in these proceedings, and we remand for further proceedings in accordance with this opinion. All costs of this proceeding are assessed to appellee.
ARMSTRONG, J., concurs.
NOTES
[1] Upon Monett's motion challenging service of process, Judge Katz dissolved a March 21, 1995 preliminary injunction that was issued by Judge DiRosa, which had enjoined Monett from causing projections to extend beyond the boundaries of 2708 Coliseum Street.
[2] In Winingder v. Balmer, 93-0874 (La.App. 4th Cir. 2/11/94), 632 So.2d 408, this Court found no error manifest in the granting of a legal servitude to an owner of one of two closely built estates in accordance with Civil Code article 670. In this appeal, Monett contends that the trial judge's decision is supported by Article 670. Winingder, which involved encroaching improvements that had been made to a house that was built within a few inches of a property line, is distinguishable from the instant case, in which the only "encroachment" is the extension of window unit air conditioners into the air space above 2700 Coliseum Street. Because Monett has not urged that the trial judge erred in not granting a legal servitude under Article 670, we do not reach the issue of the applicability of Civil Code article 670 to these "encroaching" window units.
[3] We note that issues such as these would rarely be amenable to resolution on pleadings and affidavits alone, as they were resolved in this case at the trial level.